Paez v Osborne (2018 NY Slip Op 08494)





Paez v Osborne


2018 NY Slip Op 08494


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-07434
 (Index No. 61277/14)

[*1]Gregorio Paez, appellant, 
v
Michael J. Osborne, respondent.


Cannon & Acosta, LLP, Huntington Station, NY (June Redeker of counsel), for appellant.
Bello & Larkin, Hauppauge, NY (John C. Meszaros of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), entered June 24, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On August 26, 2013, the plaintiff and the defendant were involved in a motor vehicle accident on Sunrise Highway in Suffolk County. On February 27, 2014, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him in the accident. In his bill of particulars, the plaintiff alleged injuries to the cervical and lumbar regions of his spine.
On July 10, 2015, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In support, the defendant submitted an affirmed report of an orthopedic surgeon who measured the range of motion of the cervical and lumbar regions of the plaintiff's spine, using a goniometer, and compared those results to what would be considered normal range of motion. The orthopedic surgeon found the results to be normal.
In opposition, the plaintiff submitted an affirmation of a physician who most recently examined the plaintiff on July 28, 2015. The plaintiff's physician measured the range of motion of the cervical and lumbar regions of the plaintiff's spine, using computerized range-of-motion testing, and compared those results to what would be considered normal range of motion. The physician found significant deficits in the range of motion of both the cervical region and the lumbar region of the plaintiff's spine.
In an order entered June 24, 2016, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident [*2](see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 215-218).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court